W. W. HANLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 8516.   Promulgated March 26, 1927.

*Harry H. Bryer, Esq.,* for the petitioner.
*M. N. Fisher, Esq.,* for the respondent.

LITTLETON: The Commissioner determined deficiencies for the
calendar years 1922 and 1923 in the amounts of $1,930.56 and $65.03,
respectively. The only issue urged at the hearing and concerning
which evidence was submitted is whether the petitioner is entitled
to a deduction in the year 1922 of $2,500, representing the cost of
25 shares of the capital stock of Coale & Company purchased in 1920
and alleged to have become worthless in 1922. The Commissioner
denied the deduction.

### FINDINGS OF FACT.

Petitioner is a resident of Cumberland, Md.  In 1920 he purchased
25 shares of the capital stock of Coale & Company, for which he
paid $2,500.   He was at no time during the existence of the corpora-
tion an officer or an employee thereof.   Coale & Company was a
broker and jobber of coal and it possessed no physical assets.   It had
$800,000 in common stock outstanding.   In May, 1921, the corpora-
tion became financially involved and on May 11 of that year it was
placed in the hands of receivers by the United States District Court
for the Southern District of New York.   The corporation was
heavily in debt and claims of $3,000,000 were filed against it.   The
only source which the receivers had of obtaining any money to dis-
tribute to the creditors, after the expenses of the receivership, repre-
sented approximately $7,000 in cash on hand at the time and certain
claims which the corporation had against others.

The receivers had, among other accounts receivable, two large
claims outstanding, one against the Swiss Government for $800,000,
and one against one Harvey Miller for $400,000.   They also had
large claims against certain railroads.   In 1921 and 1922 the receivers
made every effort to collect the amounts due the company which was
in their charge and considerable amounts were collected.   In May,
1922, the Miller claim was settled for $175,000 and this settlement
was approved in that month by the bankruptcy court.   In November,
1922, the claim against the Swiss Government was settled for $100,000
and this settlement was approved in that month by the bankruptcy
court.

Before the end of November, 1922, the receivers had little hope of
collecting any additional amounts on railroad claims.   Near the end

of 1922 the receivers determined that they had collected about all they could and computed a dividend on the claims of the general creditors of 55 cents on the dollar, leaving nothing for the stockholders. At the end of 1922 the receivers well knew that the general creditors would not be paid in full. In 1922 the receivers succeeded in settling the remaining railroad claims for $100,000 which increased the total dividend paid the general creditors to 65 per cent of their claims.

The 25 shares of stock of Coale & Company owned by the petitioner were worthless at December 31, 1922, and the cost thereof was a proper deduction from gross income for that year.

> *Judgment will be entered for the petitioner on the issue raised after 15 days' notice, under Rule 50.*